

150 South Fifth Street
Suite 1200
Minneapolis, MN 55402

March 20, 2019

Judge Joan M. Arzack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

    Re:   *Thomas Czerepinski, on behalf of himself and all others similarly situated v. MRS BPO, LLC*
           Court File No.: 2:18-cv-7448-JMA-GRB

### LETTER REQUESTING PRE-MOTION CONFERENCE

Dear Honorable Judge Arzack:

This firm represents defendant MRS BPO, LLC ("MRS") in the above referenced matter. This letter is being submitted pursuant to Your Honor's Individual Practices, Rule IV, B. For the reasons set forth herein, MRS respectfully requests a Pre-Motion Conference with respect to its intention to file a motion to dismiss.

Plaintiff commenced this putative class action, alleging that MRS violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Pl. Compl. ¶ 1.) As per Plaintiff's Complaint, the claims are based entirely upon MRS's written correspondence to Plaintiff dated August 5, 2017. *See* Ex. A to Pl. Compl. Specifically, Plaintiff takes issue with the language in MRS' letter that advised Plaintiff that "The total amount of the debt due as of charge off". Pl. Compl. ¶ 17. Plaintiff asserts that the referenced language gives the appearance that the balance will change when in fact, the balance is static. *See* Pl. Compl. ¶ 18-19.

**Motion To Dismiss**

Plaintiff's allegation that the phrase "The total amount of the debt due as of charge off" is deceptive and unfair, in violation of 15 U.S.C. §§ 1692e and 1692g fails. The statement truthfully lists the balance as of the date of charge-off, which matches the balance due set forth in the top caption of the letter. Further, Plaintiff does not allege that this balance is incorrect. Plaintiff has failed to plead how the statement is either deceptive or false in violation of the FDCPA when he alleges that the balance is static and in fact, the balance is static. Rather, Plaintiff asserts that the language is misleading and unfair because it implies that the balance may change in the future, which by Plaintiff's own information and belief, was not his understanding of the letter. Pl. Compl. ¶ 18. Payment of the balance due set forth in the letter would have satisfied the account. Therefore, the collection letter was not misleading or deceptive.

4618316v1

The Second Circuit's decision in *Taylor v. Financial Recovery Services, Inc*. has already clarified this issue. *Taylor*, 886 F.3d 212 (2nd. Cir. 2018). In *Taylor*, the Second Circuit confirmed that if the balance is static, there is no need to advise that fees and interest are not accruing. *Id*. at 215. Moreover, one of the letters at issue in *Taylor*, included language similar to that at issue in this matter: "As of the date of this notice you owe $599.98….." (Doc. 1-1 1:16-cv-4685-LGS) *Taylor v. Financial Recovery Services, Inc*., 252 F.Supp.3d 344 (E.D.N.Y. 2017). Thus, Plaintiff's claim is directly at odds with the Second Circuit's decision in *Taylor*.

In *Taylor*, the Second Circuit stated that:

> The collection notices FRS sent to Taylor and Klein, which stated their respective balances due without discussing interest or fees, could likewise have been read to mean that prompt payment of the amounts stated would satisfy the debts in question. The difference is that, while that message was prejudicially misleading on the facts of *Avila*, on the facts of this case it was accurate: prompt payment of the amounts stated in Taylor's and Klein's notices *would* have satisfied their debts.
>
> Of course, being informed that their debts were not accruing interest or fees could have been advantageous to Taylor and Klein, as it would have alerted them to the fact that they could delay repayment without their debts increasing. *Thus, the only harm that Taylor and Klein suggest a consumer might suffer by mistakenly believing that interest or fees are accruing on a debt is being led to think that there is a financial benefit to making repayment sooner rather than later.* This supposed harm falls short of the obvious danger facing consumers in *Avila*.
>
> ********
>
> Contrary to Taylor and Klein's objection, our decision today reads Sections 1692e and 1692g in harmony. That is, if a collection notice correctly states a consumer's balance without mentioning interest or fees, and no such interest or fees are accruing, then the notice will neither be misleading within the meaning of Section 1692e, nor fail to state accurately the amount of the debt under Section 1692g."

*Taylor*, 886 F.3d 212 at 214, 215 (citing to *Avila v. Riexinger & Assocs*., LLC, 817 F.3d 72, 75 (2d Cir. 2016) (emphasis added).

In *Taylor*, the district court was able to conclude that the collection letters were not false, deceptive or misleading because the plaintiffs had failed to demonstrate that the balances of their accounts were accruing interest at summary judgment. *Taylor*, 252 F.Supp.3d at 351-352 Necessarily, this involved a review of the documents the parties had produced during discovery. *Id*. Here, the Court does not need to consider evidence as to whether the balance of Plaintiff's account was accruing interest, as that fact is evident from Plaintiff's pleadings. Indeed, Plaintiff's Complaint acknowledges that: (1) the balance has not increased since the date the account was charged-off, (2) Chase Bank USA, N.A. no longer accrues interest, late charges and/or other charges on the balance, Pl. Compl. ¶¶ 18-19. Thus, no additional evidence is necessary to conclude that the balance described in MRS' letter to Plaintiff was not accruing

4618316v1

interest. MRS agrees with Plaintiff's position that the balance was static, and Plaintiff's pleading acknowledges that neither Chase Bank nor MRS were authorized to accrue interest, late charges and/or other fees on the balance. Plaintiff cannot avoid dismissal by suggesting the existence of claims that are directly refuted by the allegations in her pleading.

Presumably, Plaintiff intends to rely upon the case of *Islam v. Am. Recovery Serv.*, 2017 U.S. Dist. LEXIS 180415 (E.D.N.Y. Oct. 31, 2017) (Judge Cogan). *Id.* The *Islam* decision held that inclusion of a phrase similar to "as of the date of this notice" violated the FDCPA because such language implied that the amount of the debt was subject to change, when it was not.

However, Judge Cogan's holding in *Islam* is directly at odds with two decisions. In *Feldheim v. Financial Recovery Services, Inc.*, Judge Karas stated:

> The Court disagrees with Plaintiff's characterization that the statement in the notice that "[a]s of the date of this notice you owe $4[,]414.61 deceptively and falsely implies that if ... Plaintiff doesn't pay the amount demanded in full or accept one of the settlement offers then the amount to pay will be greater in the future." (Am. Compl. ¶ 32 (internal quotation marks omitted).) As Defendant notes, this argument has been explicitly rejected by at least one district court and the Court is aware of no authority that has accepted it. *See Ghulyani v. Stephens & Michaels Assocs., Inc.*, No. 15-CV-5191, 2015 WL 6503849, at *3 (S.D.N.Y. Oct. 26, 2015) ("**[P]retending the clause 'Balance Due as of the Date of this Letter' actually reads 'Balance Due as of the Date of this Letter, as your balance may be subject to increase due to interest' .... [is a] farfetched and implausible interpretation."). Simply put, the language of the notice does not "impl[y]" or "purport"—deceptively or otherwise—that the balance Plaintiff owed would increase over time. (Am. Compl. ¶ 32.)1 A plain reading of the notice's quoted language reveals that it was not false, deceptive, or misleading**.

*Feldheim*, 2017 WL 2821550 * 6, ---F.Supp.3d---(S.D.N.Y. June 28, 2017).

In *Islam*, Judge Cogan departed from the holdings in *Feldheim* and *Ghulyani*, because he felt he was obligated to do so as a result of the Second Circuit's reasoning in *Avila v. Riexinger & Associates*, 817 F.3d 72 (2nd Cir. 2016). However, the Second Circuit clarified the application of *Avila* through its decision in *Taylor*.

MRS believes that a motion to dismiss would be appropriate as the Second Circuit's decision in *Taylor* constructively resolves this dispute and clarifies all of the case law that was decided prior to that decision.

Respectfully submitted,

/s/ Michael T. Etmund

cc:     Mitchell Pashkin

3

4618316v1